UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA

        -against-        MEMORANDUM
                 AND ORDER

JEFFREY ETESS,         CR 03-1243 (TCP)

        Defendant.
------------------------------------------------------X

PLATT, District Judge.

    Defendant moves for a downward departure from the applicable advisory United States Sentencing Guidelines (U.S.S.G.) range pursuant to Section 5K2.13 based on a claim of diminished mental capacity. The policy statement for that Section provides in pertinent part that:

> "A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.
>
> However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants . . . "

       \* \* \* \* \* \* \* \* \* \*

    The Application Note to § 5K2.13 provides that "Significantly reduced mental capacity" means the

> defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power to reason; or (B) control behavior that the defendant know is wrongful.

Defendant, a duly licensed dentist, was arrested on February 27, 2002 for distribution and possession with intent to distribute a controlled substance (vicodin), in violation of 21 U.S.C. § 841(a)(1).

An investigation had revealed that between April 21, 2001 and December 26, 2001 defendant had purchased approximately one hundred fifty-five thousand (155,000) vicodin pills and a variety of controlled substances including Tylenol with codeine, acetaminophen with codeine, valium, diazepam and steroids.

On August 11, 2004 defendant pled guilty to Count 1 of an indictment charging him with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.

On July 15, 2005 this Court conducted a presentence hearing on the issue of a claimed significantly reduced mental capacity and at the hearing the defendant called as its only witness Doctor Barbara Kirwin, a psychologist.

Doctor Kirwin began to treat the defendant on January 22, 2002 after his commission of the offense, and treated him for approximately three and one-half years until the time of the hearing. She diagnosed him as one with

obvious substance abuse problems and steroid dependency. He also had what is called "a psyco-thymic personality, which is bi-polar disorder like."

The government correctly points out that Doctor Kirwin's testimony focused on the treatment that she provided to the defendant after the commission of the events and after the criminal investigation of his illegal activity had begun and that her testimony was not based on any objective observation or report regarding his mental condition and activity during and prior to the commission of the offense. Moreover, as the government also correctly points out Doctor Kirwin did not explain "the leap from abusing steroids due to a claimed diminished mental capacity through knowingly and intentionally selling for profit a totally unrelated type of controlled substance, vicodin . . . and did not establish defendant's mental condition at the time of the offense in 2001. i.e. that the defense failed to establish the second element of the offense which is the existence of a causal link between a diminished capacity and the offense.

More importantly, however, the above quoted policy statement provides an exception which states that "the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants." In Stedman's Medical Dictionary, (27th Edition at page 1699) steroids is defined as "a large family of chemical substances comprising many hormones, body constituents, and drugs,

each containing the tetracyclic cyclopenta phenanthrene skeleton."

By Doctor Kirwin's own testimony, however, Etess's ability to control his behavior was "severely compromised and diminished" based on "his psycho-thymic disorder, and the fact of this steroid ingestion. It is very hard to separate the two one led directly into the other."

Defendant is clearly not entitled to a departure below the applicable guideline range because if he has any significantly reduced mental capacity it was caused by the voluntary use of drugs or other intoxicants.

Defendant's application must be and the same hereby is denied.

SO ORDERED.

_____/S/_____
Thomas C. Platt, U.S. District Judge

Dated: Central Islip, New York
September 23, 2005